**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| JACOB WHEELER,<br><br>           Plaintiff,<br><br>v.<br><br>VELODYNE LIDAR, INC., VIRGINIA BOULET, MICHAEL DEE, ERNEST MADDOCK, ANDY MATTES, KRISTIN SLANINA, TED TEWKSBURY, and HAMID ZARRINGHALAM,<br><br>           Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

Plaintiff Jacob Wheeler ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

## NATURE OF THE ACTION

1. Plaintiff brings this action against Velodyne Lidar ("Velodyne" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed acquisition of the Company by Ouster, Inc. ("Ouster").[1]

2. On November 4, 2022, the Company entered into an Agreement and Plan of

---

[1] The proposed acquisition of the Company described herein is referred to as the "Proposed Transaction."

Merger (the "Merger Agreement") with Ouster and Ouster's wholly owned subsidiaries, Oban Merger Sub, Inc. ("Merger Sub I") and Oban Merger Sub II LLC ("Merger Sub II"). The Merger Agreement provides that Velodyne stockholders will receive 0.8204 shares of Ouster common stock per share of Company common stock.[2]

3. The Company's corporate directors subsequently authorized the December 8, 2022, filing of a materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. The Proxy Statement, which recommends that Company stockholders vote their shares in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Proxy Statement in violation of the Exchange Act.

4. It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote on the Proposed Transaction, so that they can properly exercise their rights, among other things.[3]

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

---

[2] Upon completion of the Proposed Transaction, Velodyne and Ouster stockholders will own approximately 50% of the combined company, respectively.

[3] The stockholder vote on the Proposed Transaction currently is scheduled for January 26, 2023.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9. Plaintiff is, and has been at all times relevant hereto, the owner of Velodyne common stock.

10. Defendant Velodyne is a Delaware corporation with its principal executive offices located at Defendant Velodyne is a Delaware corporation, with its principal executive offices located at 5521 Hellyer Avenue, San Jose, California 95138. Velodyne's shares trade on the Nasdaq Global Select Market under the ticker symbol "VLDR." Velodyne is a global leader in lidar technology providing real-time 3D vision for autonomous systems. The Company's solutions are deployed in many applications, including autonomous mobile robots, unmanned aerial vehicles/drones, last-mile delivery, precision agriculture, advanced security systems, and smart city initiatives, as well as for automotive applications. In automotive

applications, Velodyne's products improve roadway safety by providing perception data for reliable object avoidance and safe path-planning.

11. Defendant Virginia Boulet is and has been Chairperson of the Board and a director of the Company at all times relevant hereto.

12. Defendant Michael Dee is and has been a director of the Company at all times relevant hereto.

13. Defendant Ernest Maddock is and has been a director of the Company at all times relevant hereto.

14. Defendant Andy Mattes is and has been a director of the Company at all times relevant hereto.

15. Defendant Kristin Slanina is and has been a director of the Company at all times relevant hereto.

16. Defendant Ted Tewksbury has been Chief Executive Officer and a director of the Company at all times relevant hereto.

17. Defendant Hamid Zarringhalam is and has been a director of the Company at all times relevant hereto.

18. Defendants identified in paragraphs 11-17 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

19. On November 7, 2022, Ouster and the Company jointly announced in relevant part:

SAN FRANCISCO, CA – [November 7, 2022 6:00 AM ET] – Ouster (NYSE: OUST), a leading provider of high-resolution digital lidar, and Velodyne (NASDAQ: VLDR, VLDRW), a leading global player in lidar sensors and solutions, announced that they have entered into a definitive agreement to merge in an all-stock transaction.  The proposed merger is expected to drive significant value creation and result in a strong financial position through robust product offerings, increased operational efficiencies, and a complementary customer base in fast-growing end-markets.

Ouster and Velodyne will host a joint webcast on November 7, 2022 at 8:30 AM ET to discuss the planned merger.

**Key Strengths of the Combined Company:**

- Operational synergies across engineering, manufacturing, and general administration support an optimized cost-structure

- Robust product offerings, including verticalized software, to serve a broad set of customers

- Complementary customer base, partners, and distribution channels, coupled with reduced product costs and an innovative roadmap, to accelerate lidar adoption across fast-growing end markets

- Extensive intellectual property portfolio with 173 granted and 504 pending patents, backed by over 20 years of combined experience in lidar technology innovation

- World-class leadership team to be led by Dr. Ted Tewksbury as Executive Chairman of the Board and Angus Pacala as Chief Executive Officer

- Strong financial position with combined cash balance[1] of approximately $355 million as of September 30, 2022

- Compared to stand-alone cost structures as of September 30, 2022, annualized operational expenditure synergies of at least $75 million expected to be realized within 9 months after transaction-close

"Ouster's cutting-edge digital lidar technology, evidenced by strong unit economics and the performance gains of our new products, complemented by Velodyne's decades of innovation, high-performance hardware and software solutions, and established global customer footprint, positions the combined company to accelerate the adoption of lidar technology across fast-growing markets with a diverse set of customer needs," said Ouster CEO Angus Pacala.

"Together, we will aim to deliver the performance customers demand while achieving price points low enough to promote mass adoption."

"Lidar is a valuable enabling technology for autonomy, with the ability to dramatically improve the efficiency, productivity, safety, and sustainability of a world in motion. We aim to create a vibrant and healthy lidar industry by offering both affordable, high-performance sensors to drive mass adoption across a wide variety of customer applications, and by creating scale to drive profitable and sustainable revenue growth," said Velodyne CEO Dr. Ted Tewksbury. "The combination of Ouster and Velodyne is expected to unlock enormous synergies, creating a company with the scale and resources to deliver stronger solutions for customers and society, while accelerating time to profitability and enhancing value for shareholders."

The combined company will offer a robust suite of products to continue to serve a diverse set of end-markets and customers while executing on an innovative product roadmap to meet the future needs of the market. A unified engineering team, compelling product roadmap, and focused customer success team will aim to provide best-in-class support to customers to deliver affordable and more performant sensors. Further, management plans to streamline operational expenditures to build an overall cost structure that is in line with the projected revenue growth of the combined company. Ouster and Velodyne had a combined cash balance of approximately $355 million as of September 30, 2022, and aim to realize annualized cost savings of at least $75 million within 9 months after closing the proposed merger. With an expanded global commercial footprint and distribution network, the combined company expects to deliver increased volumes, reduce product costs, and drive sustainable growth.

**Leadership and Governance**

The combined company will be led by Angus Pacala, who will serve as Chief Executive Officer, and Dr. Ted Tewksbury, who will serve as Executive Chairman of the Board. The Board will be comprised of eight members, with each company appointing an equal number of members. The full Board and executive team will be announced at a later date.

**Transaction Details**

The merger agreement was signed on November 4, 2022. Under the terms of the agreement, each Velodyne share will be exchanged for 0.8204 shares of Ouster at closing. The transaction will result in existing Velodyne and Ouster shareholders each owning approximately 50% of the combined company, based on current shares outstanding.

The merger transactions are subject to customary closing conditions including shareholder approval by both companies. Both companies will continue to operate their businesses independently until the close of the merger transactions. The merger transactions are expected to be completed in the first half of 2023.

Barclays is serving as financial advisor and Latham & Watkins LLP is serving as legal advisor to Ouster. BofA Securities, Inc. is serving as financial advisor and Skadden, Arps, Slate, Meagher & Flom LLP is serving as legal advisor to Velodyne.

**The Materially Incomplete and Misleading Proxy Statement**

20. The Board caused to be filed the materially incomplete and misleading Proxy Statement with the SEC on December 8, 2022. The Proxy Statement, which recommends that Velodyne stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the Company's financial forecasts; and (b) the financial analyses that support the fairness opinion provided by the Company's financial advisor BofA Securities, Inc. ("BofA Securities"); and (c) potential conflicts of interest faced by BofA Securities.

*Material Misrepresentations and/or Omissions Concerning the Financial Forecasts for Velodyne, Ouster and the Combined Company*

21. The Proxy Statement fails to disclose material information concerning the financial forecasts for the Company, Ouster, and the combined company, including the extrapolations of Velodyne's forecasts for fiscal years 2025 through 2032 prepared by Company management and relied upon by BofA Securities for its financial analyses.[4]

22. Additionally, the Proxy Statement fails to disclose the extrapolations of the Ouster forecasts prepared by Velodyne management, including: (a) the unlevered free cash

---

[4] *See* Proxy Statement at 97.

flows of Ouster for the fourth quarter of fiscal year 2022 and fiscal years 2023 through 2032, utilized by BofA Securities for its *Discounted Cash Flow Analysis* of Ouster and *Has/Gets Analysis*;[5] and (b) the cost savings and revenue impacts anticipated by Velodyne management to result from the Proposed Transaction.

23. The Proxy Statement further fails to disclose the September 2022 forecasts for Velodyne's fiscal years 2022 through 2024, as well as the changes made to the September 2022 forecasts to arrive at the November 2022 forecasts.[6]

***Material Misrepresentations and/or Omissions Concerning BofA Securities' Financial Analysis***

24. The Proxy Statement fails to disclose material information concerning BofA Securities' financial analyses.

25. With respect to the *Discounted Cash Flow Analysis* of Velodyne performed by BofA Securities, the Proxy Statement fails to disclose: (a) the Company's terminal value; and (b) Velodyne's estimated unlevered free cash flow in the terminal year, used to calculate the Company's terminal values.

26. With respect to the *Discounted Cash Flow Analysis* of Ouster performed by BofA Securities, the Proxy Statement fails to disclose: (a) Ouster's terminal value; and (b) Ouster's estimated unlevered free cash flow in the terminal year, used to calculate its terminal values.

27. With respect to the *Has/Gets Analysis* performed by BofA Securities, the Proxy Statement fails to disclose: (a) Ouster's estimated unlevered free cash flow in the terminal year,

---

[5] *Id.* at 93-95.

[6] *See id.* at 97.

used to calculate the combined company's terminal values; and (b) the combined company's terminal values.

*Material Misrepresentations and/or Omissions Concerning BofA Securities' Potential Conflicts of Interest*

28. The Proxy Statement fails to disclose material information concerning the potential conflicts of interest faced by BofA Securities, including the amount of the "fee for services rendered to Velodyne in connection with the merger of Velodyne with a subsidiary of Graf Industrial Corp." that BofA Securities will receive upon the consummation of the first merger.[7]

29. The Proxy Statement further fails to disclose whether BofA Securities has performed any services for Ouster at any time during September of 2022, and, if so, the amount of compensation received for such services.

30. The omission of the above-referenced information renders statements in the "Certain Financial Forecasts Utilized in Connection with the Mergers" and "Opinion of BofA Securities, Velodyne's Financial Advisor" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act.

31. Absent disclosure of the foregoing material information prior to the vote on the Proposed Transaction, Plaintiff and the other stockholders of the Company will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

---

[7] *Id.* at 96. According to the Proxy Statement, the "first merger" is defined as the merger of Merger Sub I with and into Velodyne. *Id*. at iii.

## CLAIMS FOR RELIEF

### COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Velodyne**

32. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

33. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. Velodyne is liable as the issuer of these statements.

34. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

35. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

36. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

37. The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

38. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

39. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

40. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

41. The Individual Defendants acted as controlling persons of Velodyne within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Velodyne and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

42. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

43. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous

recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

44. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

45. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in her favor on behalf of Velodyne, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction, unless and until defendants disclose the material information identified above which has been omitted from the Proxy Statement;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Directing the Individual Defendants to file a Proxy Statement that does not contain any untrue statements of material fact;

      D.      Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

      E.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: December 29, 2022            **LONG LAW, LLC**

                                              By:  */s/ Brian D. Long*
                                                      Brian D. Long (#4347)
                                                      3828 Kennett Pike, Suite 208
                                                      Wilmington, DE 19807
                                                      Telephone: (302) 729-9100
                                                      Email: BDLong@LongLawDE.com

                                                      *Attorneys for Plaintiff*